Gould and others agt. Chapin and others.

5 How. 358-*Contra*, 8 How. 463.

SUPREME COURT

Gould and others agt. Chapin and others.

On appeal from a judgment upon a report of a referee, *the date of issue* on the general term calendar, must be the day of *filing the report.*

*Monroe General Term, June* 1850.   *Before* Welles, *P. J.,* and Selden and Johnson, *Justices.*   This is an appeal from a judgment on the report of a referee, the decision of the referee to stand as the judgment of the court.

The appellant put the cause upon the calendar, and in the note of issue, stated the time the last pleading was served, according to which the clerk gave it precedence on the calendar.

S. B. Jewett, for the respondent, moved to correct the calendar by putting the cause down so as to take date only from the filing the report and entering the judgment.

M. T. Reynolds, *for the Appellant.*

By the Court, Welles, Justice.—Neither the Code or the present rules have provided in what order causes shall be placed on the general term calendar.   The former practice must therefore govern (§ 469 of the Code and rule 92 of this court.)   Law rule 51 of the rules of this court, adopted in July 1847, provided that the note of issue to be filed with the clerk should contain, among other things, " the date when the question arose," and rule 53 of

the same rules required the clerk to make up the calendar according to such dates. Such had long been the practice before (*Gr. Pr.*, 2d ed. 671–2), and there is nothing inconsistent with it in the Code or the present rules of this court.

In case of a motion to set aside an inquisition or report, the question was deemed to have arisen on the day when the writ of inquiry with the return, or when the inquisition or report was filed (*id* 672). In analogy to that practice we think the question in this case must be deemed to have arisen on the day when the report of the referee was filed.

Let the calendar be corrected accordingly.